## BOARD OF ED. OF INDEPENDENT SCHOOL DIST. NO. 15 v. CASTLE.

No. 22213.    May 22, 1934.

Rehearing Denied June 5, 1934.

Wm. M. Thomas and J. S. Campbell, for plaintiff in error.

Cuddie E. Davidson, for defendant in error.

OSBORN, J.  This is an appeal from the district court of Ottawa county from an order sustaining a demurrer to a petition to vacate a default judgment.

The plaintiff, J. P. Castle, sued defendant, the board of education of district No. 15 of Ottawa county, for $572, as damages for breach of contract. The petition was filed August 27, 1923. On September 19, 1923, defendant filed a motion to make more definite and certain, which was sustained in part and overruled in part on March 12, 1924, and plaintiff amended his petition to conform to the order of the court.

Nothing further was done in the case until December 12, 1930, when a judgment by default was rendered in favor of plaintiff.

On December 31, 1930, defendant filed a petition to vacate the default judgment and served a summons on plaintiff. Plaintiff demurred to the petition to vacate on the ground that the same did not state facts sufficient to constitute a cause for vacating said judgment. The demurrer was sustained by the trial court, and from said order defendant appeals.

Among other things, defendant alleges in its petition that the judgment is void because of a failure to comply with the provisions of chapter 106, Session Laws 1925 (secs. 5976-5979, O. S. 1931).

In the cases of Board of Commissioners of Carter County v. First National Bank of Berwyn, 159 Okla. 283, 15 P. (2d) 7, and Dodd, Mead & Co. v. Union Graded School District No. 1, 165 Okla. 225, 25 P. (2d) 797, it is held that the provisions of chapter 106, S. L. 1925, are mandatory, and the failure to comply with said act renders a judgment against a municipality erroneous. It would naturally follow that such a judgment is subject to direct attack.

It is contended that the contract involved herein was executed and the suit filed before the passage of said act, and that to hold that plaintiff must comply with the provisions of the act under such circumstances would result in an impairment of the obligation of a contract. The same contention was made in the case of Dodd, Mead & Co. v. Union Graded School District, supra. Therein it was held that the act merely provided rules of evidence, was procedural in its nature, and, under the well-established rules of law, such an act was applicable to exis'ing causes of action. Louisville & N. R. Co. v. Schmidt, 177 U. S. 230, 20 S. Ct. 620, 622, 44 L. Ed. 747; Iowa Cent. Ry. Co. v. Iowa, 160 U. S. 389, 16 S. Ct. 344, 40 L. Ed. 467; Wilson v. North Carolina, 169 U. S. 586, 18 S. Ct. 435, 42 L. Ed. 865.

It therefore appears that the trial court erred in sustaining a demurrer to the petition to vacate. The judgment of the trial court is reversed and the cause remanded, with directions to take further proceedings not inconsistent with the views herein expressed.

RILEY, C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, J., absent.