## DEAL v. EXCISE BOARD OF PONTOTOC COUNTY.

No. 26225.  Jan. 26, 1937.

Hoyt Driskill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen. (Frank B. Appleman, of counsel) and Randell S. Cobb, Asst. Atty. Gen., for defendant in error.

CORN, J. This case originated in the district court of Pontotoc county, and is an appeal from the judgment of said court in favor of defendant in error, the excise board of the county of Pontotoc, against the plaintiff in error, C. S. Deal, denying the said plaintiff in error a writ of mandamus and the relief sought therein. For convenience we shall refer to the parties as they appeared in the trial court, that is, the plaintiff in error as plaintiff and the defendant in error as defendant.

The plaintiff was the duly qualified and acting justice of the peace for Ada district, for the quarter ending June 30, 1932. Section 4160, O. S. 1931, provides in part:

"In all cases where the fees prescribed in criminal causes for justices of the peace and constables are not paid by the defendant or complaining witness, the fees allowed by law shall be paid by the county; provided, that no such fees shall be allowed by the board of county commissioners until the justice of the peace or constable shall have filed an itemized statement, verified, that said fees have not and cannot be collected from any other source; Provided further. that the total amount of fees paid by the county to any justice of the peace or constable, shall not exceed one hundred ($100) dollars per quarter."

The plaintiff, not having received said

fees from the defendants or complaining witnesses, in certain cases, complied with the provisions of the above statute and filed his claim with the county for $100. The parties herein stipulated that at the time these fees were incurred and at the time the claim was filed with the board of county commissioners of Pontotoc county, the appropriation made for such purposes was exhausted. An appropriation had been made to pay such fees for the fiscal year ending June, 1932, but at the time the fees involved in this case were incurred, and at the time the claim was filed, as aforesaid, said appropriation had been exhausted, and there was no appropriation out of which to pay plaintiff's claim.

Accordingly, on the 18th day of July, 1932, the board of county commissioners of Pontotoc county disallowed plaintiff's claim. Plaintiff then instituted an action in the justice of the peace court against the board of county commissioners and obtained a judgment against said board in the sum of $100, with costs in the sum of $325, on August 2, 1932.

The excise board having made no appropriation nor levied a tax to pay said judgment, the plaintiff filed an application for a writ of mandamus on September 1, 1934, to compel the excise board of Pontotoc county, defendant herein, to "appropriate the amount necessary to discharge said judgment in the sum of $103.25, together with the interest thereon accrued, and further directing and commanding said excise board to levy a tax against the taxable property of said county sufficient to discharge said judgment."

On September 5, 1934, the trial court issued an alternative writ. September 15, 1934, the defendant filed its answer denying the allegations of the petition; denying that the justice of the peace is a governmental function; and denying that said justice of the peace was entitled to a judgment when the appropriation has been exhausted.

The case was then heard, and the trial court denied the mandamus. In the journal entry the court said:

"That the estimate made and approved for the payment of fees for justice of the peace was exhausted prior to the filing of claim by plaintiff, and not within the estimate made and approved. The claim of plaintiff for that reason was refused payment by the board of county commissioners and for all of said reasons the court finds

that plaintiff cannot recover and that the writ of mandamus should be denied."

In Board of County Commissioners of Okmulgee County v. Jenness, 178 Okla. 54, 61 P. (2d) 724, the first and second paragraphs of the syllabus are as follows:

"Section 4160, O. S. 1931 (ch. 22, sec. 1, S. L. 1921), is a direct limitation upon the amount of fees that may be paid by a county to any justices of the peace within any quarter or fiscal year, but is also permissive authority for an appropriation of that amount, subject to other limitations. However, there is no mandatory duty upon the county to provide this entire sum for any fiscal year.

"Where a county provides less for the payment of fees to justices of the peace than is allowed by section 4160, O. S. 1931, and any justice of the peace earns in excess thereof in conducting preliminary hearings, he may not recover such earned excess from the county by suit at law."

The only difference in the case at bar and the Jenness Case, supra, is that here the plaintiff has obtained a judgment in a justice of the peace court based on his claim incurred in excess of the appropriation and seeks to compel the excise board to provide funds to pay same, whereas in the reported case the plaintiff was seeking to reduce such a claim to judgment.

On the authority of the Jenness Case, supra, there is no doubt but that the judgment rendered for plaintiff herein in the justice of the peace court is void. An examination of the journal entry in said case does not show that an allegation was made in plaintiff's bill of particulars that the claim was not in excess of the income and revenue provided for that purpose or that it was authorized by a vote of the people. See Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15. The journal entry does not show that any testimony was introduced relative to the indebtedness sued upon being within the income and revenue provided for that fiscal year for that purpose. Sinclair Prairie Pipe Line Co. v. Excise Board of Tulsa County, 173 Okla. 375, 49 P. (2d) 114. Indeed it is evident such was not pleaded or proved, nor could it have been, since the plaintiff himself stipulated and agreed in this lawsuit that the "appropriation for this purpose was exhausted at the time this claim was made and at the time the services were rendered."

In effect the trial court found that the judgment constituting the basis of this mandamus action was void, and consequently the plaintiff was not entitled to have same

paid by compelling the excise board to now make an appropriation and levy a tax to pay same.

To hold otherwise would be to permit municipalities to indirectly accomplish that which is expressly prohibited by section 26, art. 10, of the Constitution to wit: "* * * become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof."

In view of plaintiff's admission herein, that the claim here was not within the income and revenue provided for such year and that there was no assent of three-fifths of the voters of this county to incur this obligation, the judgment of the justice of the peace is void.

The judgment of the trial court is affirmed.

OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur.