## OKLAHOMA CITY v. GREEN CONSTRUCTION CO.

No. 27997.    Oct. 11, 1938.

Rehearing Denied Nov. 15, 1938.

Application for Leave to File Second Petition for Rehearing Denied Dec. 6, 1938.

A. P. Van Meter, Ass't Municipal Counselor, A. L. Jeffrey, and Leon Shipp, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

BAYLESS, V. C. J. Green Construction Company. a corporation, made a contract with the city of Oklahoma City, a municipal corporation. to lay a certain storm sewer. A quantity of concrete pipe manufactured by the company to be used on the project was rejected by the city's engineer. The company manufactured other pipe, which was accepted, and completed the contract. The value or manufacturing cost of the re-

jected pipe was set by the company at $43,-185.28, but certain credits were allowed, and the amount sued for is $34,643.18. The company pitched this action on a contract and not on a tort. It says, in effect, that while the act of the engineer in rejecting the pipe was within his discretion, it was wrongful as to the company because by virtue of a letter, a part of the bid on which the contract was awarded, pipe so manufactured was to be acceptable. The company treats the subsequent pipe manufactured—the pipe accepted—as being extras or additions to the plans and specifications as authorized by the contract. We have made this explanation because of the first proposition of law argued.

The city's proposition No. 1 reads:

'Where there is no showing that there is money on hand in an appropriation or bond account out of which a claim or judgment based on contract can be paid, the claim or judgment will not support recovery against a municipality.

"(a) Where plaintiff fails to make proof required by sections 5976 to 5979, Oklahoma Statutes of 1931, in obtaining a judgment based on contract, the judgment is void.

"(b) Independent of sections 5976 to 5979, the claim of plaintiff is not binding on the defendant by virtue of a failure to comply with sections 5950, 5952, 5953, and 5955, Oklahoma Statutes of 1931, and by virtue of having been incurred in violation of section 26 of article 10 of the Constitution."

The argument of the city under this proposition is that section 26, article 10, of the Constitution is an express limitation upon the expenditures of a municipality within any fiscal year: that sections 5950, 5952, 5953, and 5955, O. S. 1931 (62 Okla. Stats. Ann. secs. 473, 476, 477, and 479), apply, and that the contractual expenditure alleged is not shown to be within the purview of those sections, and that the judgment rendered in favor of the company is void for its failure to make the proof required by sections 5976-5979, O. S. 1931 (62 Okla. Stats. Ann. secs. 361-364). This epitome of the argument is not in the order presented by the city, but it covers what was presented and seems to us a more orderly approach.

Section 26, article 10, supra, forbids any municipality becoming indebted in any year in excess of its "income and revenue provided for such year," except by a vote of the people.

Sections 5950 et seq., supra, were enacted to govern the expenditures within the lim-its set by the Constitution. Legal debts created within these limits are payable by warrant, and by virtue of section 5953 officers are forbidden to draw or issue warrants in excess of legal expenditures, which are defined as "estimate of expenses made and approved for the current fiscal year or authorized for such purpose by a bond issue."

Whether deliberately or inadvertently debts were continually created in excess of these limitations, and oftentimes were reduced to judgment in defiance of the law. These judgments were indulged the presumption of legality on the theory that evidence was adduced to show that they were within legal limits. This often was wholly fictional.

In 1925, our Legislature enacted section 5976 et seq., supra, whereby a showing of the state of the finances of the municipality was made a jurisdictional prerequisite. Thus no court could render a valid judgment without such showing. Board of Education, District 15, Ottawa County, v. Castle, 168 Okla. 399, 33 P.2d 190, and Sinclair. etc., v. Excise Board of Tulsa County, 173 Okla. 375, 49 P.2d 114.

We think it is clear from what we have said that such a showing must be made in this case. The courts are here asked to give judgment in a substantial sum without any knowledge of the state of the city's finances.

We are not able to say with the certainty upon the record before us just how the contract indebtedness created under the present contract, and a part of which would be the company's present claim, was to be paid. We do not know whether it was from general income and revenue or by a bond issue. If it was from general income and revenue, we do not know whether it is within the amount available for the particular year. If it is to be paid from the proceeds of a bond issue, we do not know the amount thereof nor whether the amount sought herein is within the bond issue authorized by the people.

The company argues that this issue was not presented below and cannot be raised here. Since it is a jurisdictional essential, so to speak, and the absence of such evidence makes the judgment void and subject to direct attack (Board of Ed., etc., v. Castle, supra), we hold that the issue is not raised too late.

We held in Dodd, Mead & Co. v. Union Graded School Dist., 165 Okla. 225, 25 P.2d 797, that the effect of the act of 1925 was

to place the burden of making the showing on the plaintiff.

The determination of this legal issue contrary to the contention of the company necessitates the reversal of the judgment, and there are no other issues demanding consideration.

Judgment reversed.

OSBORN, C. J., and PHELPS, HURST, and DAVISON, JJ., concur.