**BERT SMITH ROAD MACHINERY CO., Inc., a Corporation, Plaintiff in Error,**

v.

**BOARD OF COUNTY COMMISSIONERS, COUNTY OF HASKELL, State of Oklahoma, Defendant in Error.**

**HERD EQUIPMENT COMPANY, a Corporation, Plaintiff in Error,**

v.

**BOARD OF COUNTY COMMISSIONERS, COUNTY OF HASKELL, State of Oklahoma, Defendant in Error.**

**Nos. 42852, 42868.**

Supreme Court of Oklahoma.

May 25, 1971.

McKeever, Glasser, McKeever & Conrad, by Douglas McKeever, Enid, John F. Hudson, Stigler, for plaintiff in error, Bert Smith Road Machinery Co., Inc.

Smith, Smith & Cook, by Gomer Smith, Jr., Oklahoma City, John F. Hudson, Stigler, for plaintiff in error, Herd Equipment Co.

James B. Martin, Dist. Atty., Don Roberts, Asst. Dist. Atty., for defendant in error.

IRWIN, Justice:

Plaintiffs in error in both cases have filed almost identical briefs. Identical issues are presented and a determination of either case would be dispositive of the other. The cases have been consolidated and the facts in only one case will be set forth.

In Case No. 42,868, Herd Equipment Company obtained a judgment on May 20, 1964, against the Board of County Commissioners of Haskell County for merchan-

dise sold and delivered to the county. This judgment became final.

On October 18, 1967, the Board of County Commissioners filed a motion to declare void the purported "Journal Entry of Judgment" entered on May 20, 1964. One of the grounds alleged for setting aside the judgment was that the trial court "did not have sufficient jurisdiction to enter the purported final order herein as jurisdictional allegations and proof were not made, as evidenced by the judgment roll."

The trial court set aside the judgment and Herd Equipment Company perfected this appeal.

County's motion to vacate and the trial court's judgment vacating the judgment of May 20, 1964, were based on failure to meet the requirements of 62 O.S.1961, Secs. 361–363, when the May 20th judgment was entered. These statutes require certain proof to be made before a judgment may be entered against a political subdivision of the state in a suit based upon contract. Sec. 362 sets forth the proof necessary. Sec. 363 provides that no judgment shall be rendered against the political subdivisions named in § 361, until the provisions of § 362 shall have been fully complied with; and that any judgment rendered in violation of the provisions of the act shall be void and of no effect.

The above statutes were placed in issue in Independent School District No. 1, McIntosh County v. Howard, Okl., 336 P.2d 1097 (1959), wherein plaintiff sought to recover on an alleged contract for the sale of merchandise sold and delivered to the defendant school district. The plaintiff recovered judgment in the trial court and the school district appealed. In reversing the judgment on appeal we pointed out there was no showing in the trial court that the requirements of Secs. 361–363, supra, had been met and cited Oklahoma City v. Green Construction Co., 184 Okl. 98, 84 P.

2d 623 (1938) as authority for the rule that when an action based on a contract is brought against a political subdivision of the State, the trial court is without jurisdiction to render a judgment against the subdivision unless 62 O.S.1961, Secs. 361–363, are complied with. The McIntosh County case and the Green case, supra, both involved direct appeals from judgments which had not become final.

Jacobson's Lifetime Buildings v. City of Tulsa, Okl., 333 P.2d 307 (1958), involved an action against the City of Tulsa to recover damages arising out of an alleged breach of contract by City, Judgment was rendered against City, and on consideration of the motion for a new trial, the trial court granted City a new trial and the plaintiff appealed. In that case, plaintiff did not plead or prove that City had adequate current revenue to pay the claim and the court's judgment did not recite that adequate resources were available, and we said:

"* * * The city has on all appropriate occasions in these proceedings made and preserved its record on the failure of plaintiff to plead or prove that the judgment sought is within the limits of available funds. There is no evidence that the municipality's current fiscal resources justify the entry of judgment against it on a claim arising out of contract. This being an action on contract, as plaintiff admits, compliance with Sections 361–363, 62 O.S.1951, was mandatory. Oklahoma City v. Green Construction Co., 184 Okl. 98, 84 P.2d 623; Mid-Continent Pipe Line Co. v. Seminole County Excise Board, 194 Okl. 40, 146 P.2d 996. The purpose of these sections of our statutes was to ensure compliance with our constitutional provisions concerning public expenditures, Sec. 26, Art. 10, and we may not ignore this plain expression of legislative intent. A judgment entered contrary to the provisions of Sec. 362, 62 O.S.1951, 'shall be void and of no effect.' Sec. 363, 62 O.S.1951.

For this reason, which is apparent on the face of this record, the trial court was correct in its conclusion concerning the validity of plaintiff's claim, Sec. 479, 62 O.S.1951, and properly granted defendant a new trial."

▪ An examination of the above cases and cases of similar import relied upon by County to sustain the order of the trial court vacating the judgment of May 20, 1964, stand for the general proposition that: When a judgment is rendered against a political subdivision of the State and an appeal is perfected challenging such judgment, the record must affirmatively show that the requirements of 62 O.S.1961, § 362, were complied with to confer power on the trial court to render a judgment against such political subdivision in a suit based upon a contract. Unless the record affirmatively shows that the statutory requirements have been complied with, the judgment is void and of no effect.

We are not concerned with a direct appeal from a judgment against a political subdivision of the State in the instant proceeding, but with an appeal from an order vacating a judgment which had become final. Town of Watonga v. Crane Co., 189 Okl. 184, 114 P.2d 941 (1941) presented a similar set of facts as in the case at bar except in Watonga the municipality appealed from the trial court's order refusing to vacate the judgment rendered against it. In that case, Crane had recovered a judgment against the municipality for merchandise sold and delivered to it. The judgment became final. Three years later the municipality filed a motion to vacate the judgment on the grounds that it was void on its face. Sec. 362, supra, was placed in issue, and in discussing the force and effect of its provisions, we said:

"  *   *   *   a plaintiff is required to make specific proof of certain matters before any court is authorized to render a judgment in favor of such plaintiff against a municipality of this state. The defendant (the municipality) takes the position that since the journal entry of judgment does not recite that such proof was made, that it therefore follows that it was not made. The cases cited by the defendant which deal with situations wherein direct appeals were presented from judgments rendered and where the evidence was brought up on appeal cannot be applied to the situation here presented, since the record which defendant has submitted nowhere shows that the required proof was not made but on the contrary does show that the judgment was entered upon consideration of evidence and proof offered by both parties. In such situation, if any presumption is to be indulged, it is that the evidence offered and received was such as to meet the requirements of the statute. *   *   *."

And we held:

"The provisions of the statute that void judgment may be vacated at any time on motion applies only when the invalidity of the judgment appears on the face of the judgment roll. Crowther v. Schoonover, 130 Okl. 249, 266 P. 777.

"A judgment is void on its face when the judgment roll affirmatively shows that the trial court lacked either (1) jurisdiction over the person; (2) jurisdiction over the subject matter; or, (3) judicial power to render the particular judgment.

"All presumptions are in favor of the validity of judgments of courts of general jurisdiction. Protest of St. Louis-San Francsico Ry. Co., 157 Okl. 131, 11 P. 2d 189.

"When a court of competent jurisdiction has rendered a judgment in relation to any subject within its jurisdiction, the presumption arises that it had before it sufficient evidence to authorize it to award such judgment, and where facts are required to be proved to confer jurisdiction, that such facts were duly proved, although the record was silent upon the matter. Protest of St. Louis-San Francisco R. Co., 157 Okl. 131, 11 P.2d 189."

See also Mid-Continent Pipe Line Co. v. Seminole County Excise Board, 194 Okl. 40, 146 P.2d 996 (1944).

■ We hold that when a judgment is rendered against a political subdivision of the State in a suit based upon a contract and such judgment becomes final, and a motion to vacate the judgment is filed alleging that such judgment is void for failure to meet the requirements of 62 O. S.1961, § 362, and the judgment roll discloses that evidence was introduced before the judgment sought to be vacated was entered, there is a presumption that the evidence introduced was such as to meet the statutory requirements.

■ Following the rules set forth in the Watonga case, supra, we find that the judgment roll in the instant action consists of the petition; County's answer denying generally and specifically all the allegations of Herd's petition; and the journal entry of judgment. The judgment roll affirmatively shows the trial court had jurisdiction over the defendant county; that it had jurisdiction over the subject matter, i. e., an action based upon a contract against the County; and judicial power to render the judgment against County if the necessary proof was made as required by § 362, supra.

In the journal entry of judgment the trial court found that "both parties announced ready for trial and a jury being waived in open court, the court proceeded to hear the evidence and argument of counsel. * * *." Following our statement in Watonga, supra, there is a presumption that "the evidence offered and received was such as to meet the requirements of" § 362, supra.

Judgments in both cases reversed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.

McINERNEY, J., dissents.