The RELIABLE LIFE INSURANCE COMPANY OF ST. LOUIS, MISSOURI, Appellee,

v.

J. J. COOK, Appellant.

No. 50279.

Supreme Court of Oklahoma.

June 12, 1979.

Rehearing Denied Sept. 10, 1979.

Fuller, Tubb & Pomeroy by G. M. Fuller and L. David Pomeroy, Oklahoma City, for appellee.

Spradling, Stagner, Alpern & Friot by Delmer L. Stagner, Oklahoma City, for appellant.

HODGES, Justice.

This is an appeal by appellant, J. J. Cook, from the entry of a deficiency judgment of $247,611.84 against him following the foreclosure sale of an apartment complex owned by appellant.

On June 17, 1974, a foreclosure judgment was entered against appellant for $933,-375.62, plus 10% interest from September 1, 1974, until paid, and for $93,337.56 in attorney's fees. A public sale of the property was held August 5, 1975, whereby appellee purchased the property for $620,100 which met the two-thirds of market value requirement.[1] Appellee also filed a motion to confirm the sale on that same day and that motion was affirmed on August 11, 1975. The appellee next filed this action for a deficiency judgment on October 16, 1975, and the appealed judgment was entered on October 15, 1976.

## I

The appellant alleges that 12 O.S.1971 § 686 requires that a motion for deficiency judgment must be filed simultaneously with a motion to confirm. The sentence in § 686 that appellant relies upon reads:

"Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action."

Appellant claims the meaning intended by the provision is that the two motions must be filed together and they must be filed within ninety days.

■ We find the claim without merit. The plain language of the statute in its ordinary meaning indicates an option to the filing party. The filing party may or may not file the motion for deficiency judgment with the motion for confirmation and, regardless of whether he files them together, the motion for deficiency judgment must be filed within ninety days of the sale.

## II

■ The appellant also asserts that § 686 as construed by this Court is unconstitutional as a deprivation of due process. Appellant bases his claim on the fact that, if the motion for deficiency judgment and the motion to confirm are not required to be filed simultaneously, the mortgagor has no notice to the motion to confirm. Appellant, therefore, states the mortgagor has been subjected to the exposure of a deficiency judgment without notice.

The statutory provision,[2] however, provides the appellant, mortgagor, sufficient protection within the proceedings of the deficiency judgment. The deficiency judgment is the amount appellant is liable for, less either the market value or the sale price of the property, *whichever is higher.* Although the sale price may be confirmed by the mortgagee in a hearing, without formal notice to the mortgagor, the mortgagor can still protect himself by introducing evidence as to the market value of the property in the deficiency proceedings. Accordingly, we find that the appellant has not been deprived of due process of law.

## III

Appellant next alleges that the award of attorney's fees to appellee in the foreclosure action of $93,337.65, and the inclusions of this amount in the deficiency judgment was error for the fees were unreasonable and unconscionable.

■ The attorney's fees were awarded to appellee in the foreclosure judgment pursu-

---

1. 12 O.S.1971 § 762.

2. 12 O.S.1971 § 686. The statute provides: "Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property whichever shall be the higher."

ant to the contract between appellee and appellant providing for 10% of the unpaid balance as the amount of attorney's fees to be awarded. The trial court in the deficiency action found that the issue of attorney's fees had been determined in the foreclosure action. We agree. Appellant did not object to the attorney's fees in the foreclosure procedure and did not appeal that judgment. The trial court's judgment, therefore, became the settled law of the cases.

Appellant states, however, that the foreclosure judgment is an in rem judgment while the deficiency judgment is a personal judgment; therefore, he should not be estopped from attacking the attorney's fees. Whether the fact that a foreclosure judgment was an in rem judgment would affect the application of estoppel by judgment in this case need not be considered here. This Court has held that a foreclosure judgment is a personal judgment, but that general execution by the mortgagee is postponed because specific property was pledged as security.[3] The language in the statute states that the judgment is a personal judgment.[4] We dismiss appellant's allegation of error.

## IV

Appellant finally asserts that the trial court's determination of market value at $850,065 was contrary to the weight of evidence.

■ An action of equitable cognizance will not be set aside unless the finding is against the clear weight of the evidence and there is a presumption in favor of the trial court's finding.[5] In addition to other witnesses, the trial court had the benefit of four MAI appraisers who testified to the market value of the property. Two appraisers for appellee gave a market value of $540,000 and $600,000. Appellant's experts testified to a value of $923,000 and $1,050,-000. After reviewing the evidence this Court cannot say that the finding of the trial court as to the property's market value was against the clear weight of the evidence.

■ Appellant complains the trial court erred in refusing to consider as evidence a resale of the property twenty-five days after the property was sold in foreclosure for a price of $1,043,825.06. The court concluded the resale was not an ordinary sale and the amount of the resale should not be considered as its true value.

The resale price to the buyer was financed 100% by appellee at a low rate of interest over a period of thirty years. Furthermore, the buyer assumed no personal liability and could reconvey the property at anytime without liability. The agreement also provided that payments for the sale were to be made solely from 75% cash flow with payment deferred for eight months.

Considering these favorable financing concessions to the buyer which amount to $193,760, from the trial court's determination of market value, we cannot say the trial court erred in refusing to consider the amount of the resale.

Appellant also argues the trial court erred in refusing to consider the practical factors affecting the fair market value of the type of property such as investment tax shelters for certain purchasers. However, these factors are inherent in the comparable sales used by the appraisers testifying as to the fair market value of the property.

The judgment of the trial court is affirmed.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

---

3. *Bartlett Mortgage Co. v. Morrison, 183 Okl. 214, 81 P.2d 318 (1938).*

4. 12 O.S.1971 § 686 provides that:
"In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judg-ment or judgment or judgments shall be rendered for the amount or amounts due . . ."

5. *Ridgeway v. Logan, 205 Okl. 603, 239 P.2d 778 (1952).*