HILLCREST MEDICAL CENTER, an
Oklahoma charitable organization,
Appellant,

v.

STATE of Oklahoma, ex rel. DEPART-
MENT OF CORRECTIONS, Appellee.

Nos. 58297, 58752.

Supreme Court of Oklahoma.

Nov. 1, 1983.

Frederic N. Schneider, III, John A. Burkhardt, Boone, Smith, Davis & Hurst, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael L. Bardrick, Jerry C. Blackburn, Asst. Atty. Gen., Oklahoma City, for appellee.

David L. Moss, Tulsa Dist. Atty., David A. Carpenter, Asst. Dist. Atty., Tulsa, for counter-appellant-appellee, Bd. of County Com'rs of Tulsa County.

BARNES, Chief Justice:

On February 26, 1976, Michael Duvall Lee was convicted of second degree murder in the District Court of Tulsa County, and was sentenced to a term of ten years to life. On April 2, 1976, while Lee was incarcerated at the Granite facility of the Department of Corrections (DOC), appellee, a writ of habeas corpus *ad prosequendum* was issued which directed the Sheriff of Tulsa County and the Warden of the reformatory to have Lee returned to Tulsa to face additional charges pending against him.

On April 23, 1976, a Tulsa County Deputy Sheriff signed a receipt acknowledging the transfer of Lee's custody from Granite Reformatory to the Deputy Sheriff. Subsequently, Lee was brought to Tulsa Coun-

ty on the additional charges. On July 6, 1976, upon the conclusion of those hearings and while being returned to Granite, Lee was injured in an automobile accident. The car in which Lee was being transported was owned and operated by a Tulsa County Deputy Sheriff. As a result of the injuries Lee sustained, he was taken to Hillcrest Hospital, appellant-counter appellee, for emergency treatment. Hillcrest rendered medical treatment and care to Lee until his discharge on September 15, 1976. Both Tulsa County and the DOC refused to pay Lee's hospital bill of $36,146.00, each claiming that Lee was the responsibility of the other.

In January, 1977, Hillcrest initiated this collection action by filing its petition in Tulsa County against both the DOC and Tulsa County. A venue objection filed by the DOC in the Tulsa County proceeding was sustained by the trial court and we affirmed that decision in *Hillcrest Medical Center v. Lee, Department of Corrections of Oklahoma, et al.*, 575 P.2d 971 (Okl. 1978). That ruling resulted in Hillcrest being required to pursue its claim against the DOC in a separate Oklahoma County action; therefore, Hillcrest filed its Petition in Oklahoma County against the DOC in February, 1979.

In the Tulsa County proceeding, the court rendered judgment in favor of Hillcrest, finding that the Tulsa County Sheriff had legal responsibility for the medical expenses incurred by Lee, and that the Tulsa County Sheriff impliedly consented to pay Hillcrest the compensation for the fair value of the medical care Hillcrest rendered to Lee. The judgment was in favor of Hillcrest in the amount of $36,146.00 plus interest, attorney's fee of $7,000.00, and costs.

In the Oklahoma County action brought by Hillcrest against the DOC, the court rendered its judgment in favor of the DOC. The court held that Lee could not be in the custody of both the DOC and the Tulsa County Sheriff; that the DOC was without authority to waive the writ of habeas corpus *ad prosequendum* that brought Lee to

Tulsa County; and that until Lee was physically returned to the DOC, the DOC had no responsibility for his medical expenses.

Hillcrest appeals the Oklahoma County decision and is counter-appellee in Tulsa County's appeal. The two cases having been consolidated, the main thrust of this action is the appeal of the Tulsa County Board of County Commissioners (Commissioners), in that it has been ordered to pay the debt.

The Commissioners appeal on three grounds: 1) Hillcrest lacks standing to assert the constitutional rights of Michael Duvall Lee, 2) Hillcrest failed to file or present its claim for reimbursement by Tulsa County within the statutory time and requirements, and 3) the Department of Corrections retained custody of Lee during all relevant times material to this action.

The Commissioners contend that Hillcrest lacks standing to assert the constitutional rights of Michael Duvall Lee and that Hillcrest is attempting to vicariously assert Lee's eighth amendment right to be free from wanton, and unnecessary infliction of pain. We believe that the Commissioners are mistaken as to what relief Hillcrest is seeking.

■ Hillcrest has not sought to secure adequate medical care and treatment for Lee. Rather, Hillcrest has sought compensation for the care and services which have already been provided for Lee. Hillcrest obviously has standing to assert these rights, and according to 19 O.S.1981 § 4, the Board of County Commissioners is the name in which a county is properly sued.

■ The Commissioners also contend that Hillcrest has failed to comply with the mandatory provisions of 19 O.S.1981 § 247 and § 410 et seq. which establish the process for the presentation of claims. Specifically, these sections require persons seeking reimbursement from a county to follow certain prescribed procedures in order to validate their claims. The Commissioners contend that Hillcrest failed to "present" its claim to them, and consequently, is pro-

cedurally barred from collecting from the county. We disagree.

Under 19 O.S.1981 § 410.8 a claimant is required to present his claim against a county by filing with the county clerk, a detailed statement of the account reflecting the dates, rates, receipts, and description of each item upon which the claim is based. This statement must be signed, sworn to, and verified by the claimant or his agent.

Section 247 provides that no account against the county shall be allowed unless presented within two (2) years after the same accrued. The trial court, in its Findings of Fact indicated that a verified claim for medical expenses was presented to the Commissioners on September 22, 1976, one week after Lee's release from the Hillcrest facility. (Finding of Fact No. 13, R. 264). An action to recover expenses was filed on January 25, 1977, well within the two year statutory period. Service of the petition on the Commissioners included a complete statement of account. (Finding of Fact No. 14, R. 264).

Although some question exists with respect to why the verified claim (Plaintiffs Exhibit No. 14) presented to the Commissioners remained "lost" for six years, any problem in that regard was rendered moot by the filing of the action and service of both the petition and statement of account within the two year statutory period. Instituting an action according to the requirements of 19 O.S.1981 § 410.8 constitutes compliance in accordance with the purposes of the statute.

■ The purpose of § 410.8 is to protect the county against false claims, and prevent the expenditure of funds in excess of available appropriations. Section 247 is "simply a limitation upon the powers of the County Commissioners, and is designed to prevent them from allowing stale claims", *Board of Commissioners of Rogers County v. Baxter*, 113 Okl. 280, 241 P. 752 (1925). Substantial compliance with the statute is shown if it is made to appear that the purpose of the statute has been served. *Kasner v. Stanmire*, 195 Okl. 80, 155 P.2d 230 (1944).

■ The trial court correctly found compliance with the notice requirements for claims against a county found at 19 O.S. 1981 §§ 247 and 410.8 and its findings are both supported by the evidence and well founded in law. Hillcrest seeks a declaration of which of the defendants is liable for Lee's medical expenses. An action of equitable cognizance will not be set aside unless the finding is against the clear weight of the evidence, and there is a presumption in favor of the trial court's findings. *Reliable Life Insurance Co. of St. Louis v. Cook*, 601 P.2d 455 (Okl.1979); *Ridgeway v. Logan*, 205 Okl. 603, 239 P.2d 778 (1952).

■ Additionally, the Commissioners contend that Hillcrest's claim exceeds the debt limitation provisions found in the Oklahoma Constitution, Article 10, Section 26, and 62 O.S.1981 § 310.1 et seq. Article 10, Section 26 prohibits any county, municipality or other political subdivision from becoming indebted in an amount which exceeds the income and revenue of that fiscal year, without the assent of three-fifths of its voters. 62 O.S.1981 § 310.1 et seq. prohibits the county or municipal officer charged with keeping the appropriation and expenditure records from certifying a claim or incurring an indebtedness in excess of the encumbered appropriation for that particular purpose. However, certain claims are excepted from these provisions; namely, claims based on constitutional governmental functions. *Smartt v. Board of County Commissioners of Craig County*, 67 Okl. 141, 169 P. 1101 (1918). *Smartt* was followed in *Protest of Kansas City Southern Ry. Co.*, 157 Okl. 246, 11 P.2d 500 (1932) which held that the feeding of prisoners in the county jail and supplies necessary for the maintenance of the county jail are within such an exception. The instant claim, which involves medical care, is also one arising from such a function, and accordingly, the claim is not subject to the debt limitation provisions of Article 10, Section 26.

■ The Commissioners further contend that the DOC retained custody of Lee dur-

ing all relevant times concerning this action. Therefore, the Commissioners assert that it is the duty of the DOC to pay for the medical services rendered to Lee by Hillcrest. We find no merit in this contention.

Lee was brought to Tulsa on a writ of habeas corpus *ad prosequendum* at the request of Tulsa County. The DOC had no choice but allow Lee to be temporarily transferred to the Tulsa County Jail. At all times while Lee was present in Tulsa, the county supplied his food, clothing, shelter, etc. We hold that it was also the county's duty to provide for any immediate medical needs of Lee during that time.

■ 57 O.S.1981 § 52 provides, "It shall be the duty of the sheriff of each county to provide bed clothing, washing, board, and medical care *when required*, and all necessities for the comfort and welfare of prisoners ..." (Emphasis added.) Although the term "prisoners" is never defined, 57 O.S.1981 § 60 states that, "Whenever a prisoner is committed for crime, or in any suit on behalf of the state, the county board shall allow the sheriff his reasonable charge for supplying such prisoners." Lee was committed to the county's care to face criminal charges against him, and as such, the county was responsible for his immediate medical needs. 57 O.S.1981 § 42(3) states that persons are properly confined in a county jail when the purpose of the confinement is to hear additional charges against him; therefore, the county sheriff is responsible for their needs. The Tulsa County Sheriff had custody of Lee for approximately two (2) months before the accident and at the time the accident occurred; therefore, at all times relevant to this action, it was the Tulsa County sheriff, not the DOC, who was in the best position to avoid such an occurrence. Furthermore, but for Lee's transfer to Tulsa County, the accident and subsequent hospital stay would never have transpired. As we stated in *City of Tulsa v. Hillcrest*, 292 P.2d 430, 432 (Okl.1956).

We do hold that the Chief of Police is under a duty to provide necessary medical treatment for prisoners in his custody, and in the absence of arrangements made by the Mayor and City Commissioners for necessary medical services for such prisoners, the city is liable for necessary medical services obtained by its Chief of Police in the care of indigent city prisoners.

AFFIRMED.

IRWIN, HODGES, LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., concur.

SIMMS, V.C.J., dissents.

WILSON, J., concurs in part, dissents in part.