L.J. BAYLIS, H.R. Ladd, M.C. Williams, R.H. Townes; B.D. Fortney, B.J. Reeves, B.J. Richardson, R.R. Gann, G.A. Lamb, J.K. Warfield, F.H. Leighty, H.R. Stoops, C.A. Parker, W.A. McKim, J.L. Foote, P.C. Faulkenberry, C.L. Taylor, W.I. Holeman, W.W. Osborn, E.S. Hawkins, J.D. Maddox, R.G. Reynolds, J.L. Murphree, M.K. Mendenhall, E.W. McKenzie, W.L. Morris, E.A. Bowlin; and, R.D. Wall, D.L. Atkins, O.H. Bilyeu, C.C. King, W.H. Fox, K.C. Horn, D.E. Secrist, G.L. Thompson, J.D. Canoll, K.D. Casteel, F.E. Vincent, T. Lewallen, R.E. Duncan, Sr., D.G. Hill, C.T. Lester, W.R. Thompson, S.D. Glanz, W.M. McDonald, A.F. Skipworth, D.R. Bartlett, Appellees,

v.

The CITY OF TULSA, a municipal corporation, Appellant.

No. 64832.

Supreme Court of Oklahoma.

June 13, 1989.

Rehearing Denied Oct. 3, 1989.

Don E. Gasaway, Cliff A. Stark, Tulsa, for appellees.

Imogene Harris, Asst. City Atty., Tulsa, for appellant.

SUMMERS, Justice.

The lone controlling question is whether plaintiff/appellee police officers and firefighters who seek judgment against the City of Tulsa (city) for money due under a contract clause requiring the city to give reclassified employees a five percent pay raise must comply with the provisions of 62 O.S.1981 §§ 362 and 363 in order for the judgment to be valid. We hold that they must. Because plaintiffs presented no evidence at trial to satisfy these provisions, the judgment of the trial court is void for want of jurisdiction.

All of the plaintiffs hold supervisory or managerial positions with the City of Tulsa police or fire departments. Each was hired by oral agreement. In 1978 many of the conditions of their employment became controlled by the city's written policy and procedures manual. This dispute focuses upon a provision of that manual which states that

> "upon reclassification to a position of a class in the Professional/Managerial Service, the new rate shall be the minimum rate of the range or a rate 5% above the former rate, whichever is higher." City of Tulsa, Policy and Procedures Manual, 1978 § 210.4.

The manual defines reclassification as "a change in classification and/or pay grade ..." *Id.* at § 210.1.

All the plaintiffs allege that they were reclassified within the meaning of the manual, and were entitled to the five percent increase after a personnel salary study (the Hay study) was conducted by a consulting firm as directed by the city in 1978. As a result of the Hay study, the city divided the "PM" employee group, to which all plaintiffs belong, into eight rather than the existing seven segments. The plaintiffs who had previously been designated PM–01 employees were redesignated PM–02.

In 1982 the city changed its reclassification rule to eliminate the pay increase based on reclassification. In 1984 the plaintiffs brought this action in district court seeking a declaratory judgment that they had been deprived of property without due process. At trial the court found that the plaintiffs were entitled to judgment for a five percent raise for the five year period from June 27, 1979 until April 12, 1985. On appeal, the city argued (1) that the trial court's judgment is void for lack of subject matter jurisdiction due to plaintiffs' failure to comply with 62 O.S.1981 §§ 362 and 363; (2) that plaintiffs' exclusive remedy lay with an appeal to the Civil Service Commission as provided in the manual; (3) that plaintiffs had failed to exhaust administrative remedies; (4) that plaintiffs' claims are barred by the three year statute of limitations; (5) that the trial court improperly

applied the doctrine of collateral estoppel; and (6) that since the plaintiffs have been routinely granted other pay increases, they are not entitled to the five percent amount as stated in the manual. Because we find that plaintiffs' failure to comply with 62 O.S.1981 §§ 362 and 363 resolves the matter, we need not reach the remaining arguments.

Sections 362 and 363 of title sixty-two control judgments in contract against municipalities, and function as jurisdictional predicates "to govern the expenditures within the limits set by [Article 10, Section 26 of] the [Oklahoma] Constitution." *Oklahoma City v. Green Construction Co.*, 184 Okl. 98, 84 P.2d 623 (1938). These sections provide in pertinent part as follows:

62 O.S.1981 § 362.

> "Before final judgment in any suit based on contract shall be rendered against any municipality by any court of any county in the State of Oklahoma, except in proceedings to refund any indebtedness of said municipality, proof shall be made to the court, of the existence, character and amount of the outstanding legal indebtedness of said municipality, ..."

\* \* \* \* \* \*

62 O.S.1981 § 363.

> "No judgment shall be rendered against any municipality by any court until the provisions of [§ 362], have been fully complied with. *Any judgment rendered in violation of the provisions of this act shall be void and of no effect.*" (Emphasis added)

The plaintiffs object to the city raising the jurisdictional defect for the first time on appeal. However,

> "the rule is well settled that an objection that the trial court had no jurisdiction er the subject matter may be raised at any state of the proceedings. It is not waived by a failure to raise the question in the trial, but may be raised for the first time in the appellate court. Otherwise, consent of parties could give jurisdiction." *State National Bank of Shaw-*

*nee v. Wood & Co.*, 88 Okl. 292, 212 P. 1002, 1003 (1923)

Again, the Court stated in *Oklahoma City v. Green Constr. Co.*, supra

"Where an action based on a contract is brought against a city, the trial court is without jurisdiction to render judgment against the city unless ... 62 O.S. §§ 361–364 are complied with; and complaint of the failure to comply therewith may be raised for the first time on appeal." Syllabus by the Court at P. 623.

This remains an accurate statement of the law today. *La Bellman v. Gleason & Sanders, Inc.*, 418 P.2d 949 (Okla.1966). Further, regardless whether the city had raised the jurisdictional issue,

"the question of jurisdiction is an issue which is primary and fundamental in each case. This Court must inquire into its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, regardless of whether it is raised by the litigants." *Cate v. Archon Oil Co., Inc.*, 695 P.2d 1352, 1356 n. 12 (Okla.1985) (citation omitted).

Having been properly raised, we find that the jurisdictional question resolves the matter. No evidence appears in the record that satisfies the requirements of 62 O.S. 1981 §§ 362 and 363. Consequently the trial court's order is void unless the indebtedness arises from a claim based on a constitutional governmental function, which claims are not subject to the debt limitation provisions of Article 10, Section 26 of the Oklahoma Constitution. *Smartt v. Board of County Commissioners of Craig County*, 67 Okl. 141, 169 P. 1101 (1917); *Protest of Kansas City Southern Ry. Co.*, 157 Okl. 246, 11 P.2d 500 (1932); *Hillcrest Medical Center v. State*, 675 P.2d 432 (Okla.1983).

The constitution limits a municipality's ability to become indebted, and provides in pertinent part that

"no county, city, town, township, ... shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding in any year the income and revenue provided for such year without the assent of three fifths of the voters thereof, voting at an election, to be held for that purpose ..." Okla.Const. Art. 10, Sec. 26.

We recognize, however, that

"certain necessary fundamental functions must always be actively exercised in order to preserve the existence of the state and secure to the people the rights guaranteed to the, ... and should the state become so impotent as to be unable to discharge these functions, there would result a failure of the purposes for which government was established ... *Smartt*, supra at 1102.

In *Smartt*, we ruled that expenses incurred by the sheriff in feeding prisoners amounted to expenses necessary in the "performance of duties imposed upon him by the state in which he had no discretion, and were not included within the limitations of Art. 10, Sec. 26". *Id.* at 1104. Thus, we recognized an exception to the debt limitation provisions for "those liabilities which are imposed upon the municipality by the superior power of the sovereignty as expressed in the Constitution or valid acts of the Legislature." *Id.* at 1104.

We cannot conclude that the city's act in voluntarily obligating itself to a five percent pay raise for reclassified managerial personnel constitutes a non-discretionary expense incurred by the city in the performance of a mandatory duty such that its non-payment "would render the life of the state and the security of the citizen precarious...." *Id.* at 1104. Consequently, these expenses fall within the statutory jurisdictional mandates of 62 O.S.1981 §§ 362 and 363 which require that the plaintiff prove the municipality's ability to pay the claim at issue in order that any judgment not exceed the constitutional debt limitations. *Graves v. Board of Commissioners of Cimarron County*, 170 Okl. 282, 39 P.2d 532 (1934); *Deal v. Excise Board of Pontotoc County*, 179 Okl. 73, 64 P.2d 859 (1937); *Board of County Commissioners of Okmulgee County v. Alexander*, 171 Okl. 288, 42 P.2d 884 (1935).

The plaintiffs neither alleged nor proved facts in compliance with §§ 362 and 363. The claims at issue fail to fall within the

exception to these requirements as expenses incurred in the performance of a constitutionally required governmental function. Consequently, the trial court was without subject matter authority to enter judgment in their favor, and its order is void. However, in *Valley Vista Development Corp. v. City of Broken Arrow,* 766 P.2d 344 (Okl.1988), the savings clause of 12 O.S.1981 § 100 was held to have extended the time within which to re-file an action held void under these provisions.

We have previously granted certiorari, and accordingly vacate the opinion of the Court of Appeals. We declare void and of no legal effect the judgment of the trial court, and remand the matter with directions to dismiss.

HARGRAVE, C.J., and LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

SIMMS, J., concurs by reason of stare decisis.

OPALA, V.C.J., and HODGES, J., dissent.

OPALA, Vice Chief Justice, with whom HODGES, Justice, joins, dissenting.

Today the court holds that the plaintiffs' "judgment" [1] in a contract action against a city is *void* because it does not comply with the terms of 62 O.S.1981 § 362,[2] which require proof of available funds to satisfy

1. The plaintiffs' "judgment" is more aptly described as a favorable *prejudgment resolution* of the contractual claim's merits, which, for lack of compliance with 62 O.S.1981 § 362, *infra* note 2, cannot be regarded as a judgment within the meaning of 12 O.S.1981 §§ 681 and 696, *infra.*

The terms of 12 O.S.1981 § 681 are:

"A judgment is the *final determination of the rights of the parties* in an action." [Emphasis added.]

The terms of 12 O.S.1981 § 696 are:

"When a trial by jury has been had, *judgment must be entered by the clerk in conformity to the verdict, unless* it is special, or *the court order the case to be reserved* for future argument or consideration." [Emphasis added.]

2. The provisions of 62 O.S.1981 § 362, *infra,* form a part of a three-section statutory regime, consisting of 12 O.S.1981 §§ 361, 362 and 363, *infra, which imposes certain probative requirements for contract claims against municipalities.*

The terms of 62 O.S.1981 § 361 are:

"The term "board" as used herein shall be construed to mean the board of directors, or the board of education of any school district, independent or otherwise, the board of trustees of any town or township, the mayor and council of any city, the board of commissioners of any city having a charter form of government and the board of county commissioners of any county. *The term "municipality"* as used herein *shall be construed to mean any school district, independent or otherwise, any township, any city or town, irrespective of the form of government prevailing in said city or town, and any county."* [Emphasis added.]

The terms of 62 O.S.1981 § 362 are:

"*Before final judgment in any suit based on contract shall be rendered against any municipality* by any court of any county in the State of Oklahoma, except in proceedings to refund

any indebtedness of said municipality, *proof shall be made to the court, of the existence, character and amount of the outstanding legal indebtedness of said municipality, which proof shall include a statement compiled by the various officers having custody of the records from which the information required in the statement is taken, under oath, showing the following:*

1. *An itemized statement of the bonded indebtedness of said municipality.*

2. *An itemized statement of the legal indebtedness of said municipality, exclusive of the bonded indebtedness and the alleged indebtedness proposed to be converted into a judgment.*

3. *An itemized statement of the indebtedness proposed to be converted into a judgment, so classified as to show, in separate exhibits, all items of questionable legality, if any, and the reasons of said officer or officers therefor:*

(a.) *The appropriations against which each warrant was drawn or claim accrued if in judgment, and if within the limits and purposes thereof as provided by law;*

(b.) *The income and revenue provided for the respective years, consisting of taxes levied and the actual collections of "estimated income"; the total warrants issued against the same or the accumulated accruals as the case may be, and the amount, if any, in excess of the total income and revenue of the year;*

(c.) *The condition of each fund from which such indebtedness is payable as of the close of the month next preceding the filing of application.*

Appeals from the judgment of the court shall be allowed as provided by law upon the giving of a bond for cost and damages in such sum as the court shall require; provided, that the district attorney of any county may, without the consent of the board of county commissioners of said county, take an appeal from said judgment on behalf of said county and

the adjudicated municipal *ex contractu* obligation. The court further holds a new lawsuit will be necessary to achieve recovery on the same claim, with the time for its recommencement being governed by the terms of 12 O.S.1981 § 100.[3] I cannot accede to the court's pronouncement. *Noncompliance with the § 362 probative requirements has no other legal effect than to prevent the court's merits adjudication (in favor of the plaintiff) from becoming an enforceable judgment.* I would direct that on remand the plaintiffs be afforded an opportunity to comply with that statute's strictures as a prerequisite for securing an executable judgment.

The statutory regime in 62 O.S.1981 §§ 361–363,[4] which regulates *solely* the *satisfaction* of adjudicated contract claims against municipalities, is merely *probative* rather than *adjudicative* in character. Pursuant to § 362, the plaintiff must *prove* "the existence, character and amount of the [defendant-city's] outstanding legal indebtedness."[5] Custodians of public records must be called *to provide a verified statement* itemizing, among other things, 1) the municipality's legal and bonded indebtedness, 2) any debt proposed to be converted into a judgment, including all items of questionable legality, and 3) "the condition of each fund from which such indebtedness is payable as of the close of the month next preceding the filing of application." The proof required by § 362

deals *not* with the merits of a claim in suit but serves to provide a probative foundation for an obligation's *enforceability* as a judgment against the municipal defendant.

The statutory scheme embodied in §§ 361–363 covers matters *extraneous to the merits* of the claim in litigation.[6] The § 362 protections clearly are not intended to affect an adjudication of the contract claim's merits. Their *sole* purpose is *to shield municipalities from execution* before the *sine qua non* record *proof* is made that the demand sought to be converted into judgment can legally be satisfied without immediate harm to a city's financial posture.

A jury verdict or bench decision against a municipality, when not followed by compliance with § 362, does not result in the action's failure *either on, or otherwise than on (dehors), the merits.* Inasmuch as that section's requirements deal *solely* with a municipality's ability to satisfy the adjudged contract claim, they superimpose what might be termed as a *post-adjudication* probative phase—one that is both non-adjudicative and dehors the merits of the controversy.[7]

By the plainly expressed terms of § 363, noncompliance with the § 362 probative requirements stands as a barrier to the rendition of an *enforceable* judgment rather than as an infirmity tainting or impairing

---

without bond for costs and damages." [Emphasis added.]
The terms of 62 O.S.1981 § 363 are:
"*No judgment shall be rendered* against any municipality by any court *until* the provisions of Section 2 hereof [§ 362], have been fully complied with. Any judgment rendered in violation of the provisions of this act *shall be void and of no effect.*" [Emphasis added.]

**3.** The terms of 12 O.S.1981 § 100 are:
"*If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits,* the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed." [Emphasis added.]

**4.** For the text of 62 O.S.1981 §§ 361–363, see *supra* note 2.

**5.** For the full text of 62 O.S.1981 § 362, see *supra* note 2.

**6.** The term "merits" refers to the real or substantial grounds of an action or defense. It is distinguished from matters of practice, procedure and postmerits enforcement issues. *Flick v. Crouch,* Okl., 434 P.2d 256, 261 [1967]; *Roark v. Shelter Mut. Ins. Co.,* Okl., 731 P.2d 389, 390 n. 2 [1986] (Opala, J., concurring).

**7.** Cf. *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 452–454, 102 S.Ct. 1162, 1167–1168, 71 L.Ed.2d 325 [1982], where, in a civil rights action, the prevailing party's counsel-fee request pressed under 42 U.S.C. § 1988 was held to tender a *postjudgment* issue dehors the merits.

the merits adjudication's efficacy.[8] Section 363 provides:

> "*No judgment shall be rendered* against any municipality by any court *until* the provisions of Section 2 hereof [§ 362], have been fully complied with. Any judgment rendered in violation of the provisions of this act *shall be void and of no effect.*" [Emphasis added.]

When legislative intent clearly appears from the total enactment, language may be altered and new words supplied to give the statute that meaning which is necessary to effectuate the lawmakers' intent.[9] Applying this time-honored canon of construction, I would interpret § 363 by according the following meaning to its provisions:

> *No enforceable judgment shall be rendered after a contract claim's resolution against a city ... and a judgment rendered in violation of this act's strictures shall be nonexecutable against the municipal defendant-debtor.*

The word "void," as used in § 363, should not be given its usual and generally accepted legal meaning. Rather, the context of that section, when viewed in conjunction with §§ 361 and 362,[10] unmistakably demonstrates that its key adjective—"void"—is to be accorded a sweep synonymous with the term "nonexecutable." Only when so interpreted can § 363 stand in symmetry with the remaining body of our statutory regime of procedure that regulates the rendition and enforcement of civil judgments.

In short, *a plaintiff-creditor's compliance with § 362 does not serve to resolve any issues on the merits of the controversy; instead, it is designed to clothe the adjudication with the statutorily mandated attributes of an executable judgment* within the meaning of 12 O.S.1981 §§ 681 and 696.[11] If, as here, an *ex contractu* adjudication against a municipal entity is found on appeal to be *wanting for noncompliance with § 362*, the cause should be remanded for a *post-merits*, prejudgment proceeding with directions 1) to afford the plaintiff-creditor full opportunity for compliance with that section's probative requirements and 2) *to leave the merits adjudication undisturbed,* unless, of course, it be found flawed on some other ground.[12]

Whenever a court decision resolving an *ex contractu* claim against a city fails to ripen into an enforceable judgment for want of compliance with § 362, the affected suit, though *no longer at issue, nonetheless must be treated as still pending* before the trial court. Actions decided on the merits but not concluded by rendition

---

**8.** A firm commitment to this analysis explains my dissent from our pronouncement in *Valley Vista Dev. v. City of Broken Arrow,* Okl., 766 P.2d 344 [1988], where the court held that want of compliance with § 362 constitutes an action's failure "otherwise than on the merits" within the meaning of 12 O.S.1981 § 100 (*supra* note 3).

**9.** *W R G Const. Co. v. Hoebel,* Okl., 600 P.2d 334, 337 [1979].

**10.** For the terms of §§ 361 and 362, see *supra* note 2.

**11.** For the terms of 12 O.S.1981 §§ 681 and 696, see *supra* note 1.

**12.** My view—that failure to comply with 62 O.S. 1981 § 362, *supra* note 2, can be cured in a post-remand proceeding—bears unmistakable resemblance to the treatment given by this court in *Henry Building Company v. Cowman,* Okl., 363 P.2d 208, 210 [1961] (the court's syllabus ¶ 7), to a judgment rendered without proof of compliance with 68 O.S.1951 § 1515, *infra* (now repealed). There, the judgment was vacated

with directions that it be reinstated when, following the action's remand to the trial court, the plaintiff has shown compliance with a tax statute. *The tax liability dealt with in Cowman was, as here, an issue unrelated to the merits of the plaintiff's claim.* See *supra* note 6.

The pertinent terms of 68 O.S.1951 § 1515 were:
> "*In every action or suit* in any court *for the collection of any bond, note, account receivable, or other intangible personal property ... the plaintiff must allege and prove:*
> "*That such intangible personal property sued upon has been assessed for taxation* under the provisions of this Act for every tax year during which he was the owner of the same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period, have been paid....
> "*If the petition or complaint of the plaintiff fails to make the allegations* herein prescribed, *or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion.*" [Emphasis added.]

of an executable judgment are to be viewed as both *unterminated* and nonappealable. Even though a judge's merits decision, much like a civil jury verdict, generally can be considered as the functional equivalent of a judgment from the instant of its pronouncement, 12 O.S.1981 §§ 681 and 696,[13] in cases affected by the application of § 362 a merits adjudication *cannot* stand as a judgment unless compliance with that section's probative requirements is shown by the record.

In summary, contract claims against municipalities are a distinct litigation class in which *no* judgment may be deemed to have been rendered before compliance with § 362 is actually achieved (and is later made to appear from the recorded memorial of the proceedings). There seems to be no specific statutory period, *after* merits adjudication, for the fulfillment of that section's probative standards.[14]

I would not declare the instant merits adjudication "void" for noncompliance with § 362; nor would I direct that this suit be dismissed in the trial court with or without prejudice. Instead, I would pronounce that this action presently stands below in a prejudgment stage; I would remand the cause with instructions to afford the plaintiffs an opportunity to secure a legally executable judgment through compliance with § 362.

Insofar as there may be cause to perceive my views as discordant with our opinion in *Oklahoma City v. Green Const. Co.*, 184 Okl. 98, 84 P.2d 623 [1938], or with any other extant precedent, I would overrule those authorities as an incorrect exposition of §§ 361, 362 and 363, construed together

---

13. For the terms of 12 O.S.1981 §§ 681 and 696, see *supra* note 1.

14. The time limit for the plaintiff's compliance with § 362 might conceivably be found to be that in 12 O.S.1981 § 1083, *infra*. By the terms of this statute the plaintiffs may have at least one year to secure the action's termination by converting the jury verdict or merits adjudication of their claim into judgment through compliance with the probative requirements in § 362. If § 1083 does apply, and the § 362 requirements are not timely met, the action could then become vulnerable to dismissal without prejudice. Section 1083 appears to provide the only time limit that might govern the trial

with the general course of statutory procedure that regulates the rendition and enforcement of civil judgments.

court's power to pronounce judgment upon a merits adjudication that must be followed by a § 362 proceeding.

The terms of 12 O.S.1981 § 1083 provide:
"*Any action which is not at issue and in which no pleading has been filed or other action taken for a year* and in which no motion or demurrer has been pending during any part of said year *shall be dismissed without prejudice by the court on its own motion* after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket." [Emphasis added.]