**WILLOW CREEK CONDOMINIUMS SECOND, INC., an Oklahoma corporation, Appellant,**

v.

**Peter ANDREYEV and Broderick Rogers, Appellees.**

**No. 71937.**

*Court of Appeals of Oklahoma, Division No. 2.*

June 26, 1990.

Rehearing Denied July 16, 1990.

Certiorari Denied Oct. 8, 1990.

William C. Kellough, Boone, Smith, Davis & Hurst, Tulsa, for appellant.

Wendell W. Clark, Michael Decarlo, Tulsa, for appellees.

## MEMORANDUM OPINION

BACON, Judge.

This is an appeal from the trial court's denial of appellant's motion for deficiency judgment in a mortgage foreclosure action.

Appellant filed a petition for foreclosure against the appellees on four condominium units on January 14, 1985. Three years later, on January 7, 1988, the trial court entered a judgment of foreclosure. This was followed by a sheriff's sale of the four condominium units on March 22, 1988.

On March 22, 1988, the appellant filed its motion to confirm the sheriff's sale, which was heard by the trial court on April 12, 1988, and the order confirming the sale was entered. Thereafter, on June 21, 1988, the appellant filed its motion for a deficiency judgment against appellees.

After conducting a hearing on appellant's motion for deficiency judgment, the trial court entered its order on September 27, 1988, denying appellant's motion. A timely appeal was taken from this order. The substance of appellant's appeal is that the ninety-day period in 12 O.S.1981 § 686 in which to file for a deficiency judgment starts to run from the date of confirmation, not the date of the sheriff's sale, because there is no "sale" until confirmation.

The pertinent part of section 686 on which appellant relies reads as follows:

Simultaneously with the making of a motion for an order confirming the sale *or in any event within ninety (90) days after the date of the sale,* the party to whom such residue will be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such is sought or the attorney who shall have appeared for such party in such action. (Emphasis added.)

Dispositive of this appeal is *Reliable Life Insurance Co. of St. Louis v. Cook,* 601 P.2d 455, 456 (Okla.1979), where the court made this observation regarding section 686:

The filing party may or may not file the motion for deficiency judgment with the motion for conformation and, regardless of whether he files them together, *the motion for deficiency judgment must be filed within ninety days of the sale.* (Emphasis added.)

Should a party fail to make a timely motion for a deficiency judgment after the sale of the foreclosed property, the judgment is deemed satisfied by the proceeds from the sheriff's sale, regardless of the amount. *Selby v. Kelly Rae Apartments, Inc.,* 634 P.2d 1303, 1305 (Okla.1981).

The judgment of the trial court in denying a deficiency judgment in favor of Willow Creek Condominiums Second, Inc., is AFFIRMED.

RAPP, P.J., and MEANS, J., concur.