CITY OF TULSA, a municipal corporation, Tulsa County, a political sub-division, and the Board of County Commissioners of Tulsa County, Plaintiffs in Error,

v.

Dr. Wade SISLER, M.D., d/b/a Mercy Hospital, Defendant in Error.

No. 36584.

Supreme Court of Oklahoma.

May 31, 1955.

Rehearing Denied July 5, 1955.

Thomas A. Landrith, Jr., Edmund Lashley, Richard K. McGee, Robert E. Lavender, John W. Hager, Tulsa, Robert L. Wheeler, County Atty., Donald D. Cameron, Asst. County Atty., Tulsa, Okl., for plaintiffs in error.

Joe Francis, Tulsa, for defendant in error.

JACKSON, Justice.

Plaintiff sought recovery against the County of Tulsa and the City of Tulsa jointly in one cause of action and against the County of Tulsa only in a second cause of action, for medical treatment and hospital care furnished by him to indigent patients.

Plaintiff is a practicing physician and owner and manager of a hospital in the City of Tulsa. In his first cause of action he alleged that approximately forty patients, whose names he listed, were brought to his hospital for treatment over a period from July 1, 1952 to June 8, 1953; that all of these patients were brought to the hospital by members of the Police Department of the City of Tulsa, and all were under arrest and in the custody of the City Police during their period of treatment and confinement in the hospital; that they were residents of Tulsa County, or settled therein; that they were poor and indigent and that they were in need of emergency medical treatment.

It is admitted that the treatment was not authorized by the Board of County Commissioners of Tulsa County, and that no notice was given to them of the need for treatment.

The court rendered judgment jointly against Tulsa County and the City of Tulsa on plaintiff's first cause of action in the amount of $1,541.70 and the County and City filed separate appeals.

Plaintiff contends that the judgment against the County is supported on the grounds that the patients treated were indigent and that their need for immediate medical attention was so emergent that time did not permit notice to the Board of County Commissioners. He relies upon 56 O.S.1951 § 31 et seq., which provides that the County Commissioners are overseers of the poor in their respective counties, and are charged with the care of the poor persons therein so long as they remain a county charge. He also cites in support of his contention the case of Board of County Commissioners of Garfield County v. Enid Springs Sanitarium & Hospital, 116 Okl. 249, 244 P. 426.

We do not agree with plaintiff's contention. While these patients were being held as prisoners of the City of Tulsa and in the custody of the City Police, they were not county charges. So long as they were under arrest and held as city prisoners, it was the responsibility of the police to keep them safely and this included the

duty to furnish them with necessary medical care.

63 O.S.1951 § 475 provides in part:

"Should any prisoners in any county or city jail or holdover complain of illness, the county or city physician, whose duty it may be to attend such prisons, shall be summoned, * * *."

█ This statute does not detail the treatment to be provided, or the manner by which it shall be obtained, but it is sufficiently broad in its scope to place the duty squarely upon the official in whose custody the prisoner may be to provide such medical treatment as is reasonable and necessary under the circumstances. This being the case there would certainly be no responsibility resting on the County Commissioners to provide medical treatment in such cases, and there could be no liability on the County for such treatment in the absence of authorization therefor by the County Commissioners.

It is contended on behalf of the City of Tulsa that under the statutes the County has the duty of caring for the paupers and indigent persons and such duty does not rest upon the City.

The City's liability in this case does not depend on the indigency but the imprisonment of the patients who received medical treatment. 63 O.S.1951 § 475, above quoted, places the duty upon the city to provide medical attention.

Title 20, Sec. 72, of the Tulsa Revised Ordinances 1945, which was plead and proven herein, provides that the Chief of Police shall be held responsible for the safekeeping of city prisoners, and the safekeeping of a prisoner includes providing him with necessary medical care.

█ Neither the State Statute, nor the City Ordinance prescribes rules for providing medical care, and where, as in this case, the City Police have followed a practice of taking prisoners to a hospital to be treated while such persons remained prisoners in police custody, the City cannot escape liability for such treatment on the ground that the prisoners were poor and indigent and therefore county charges.

The City also contended that the court erred in rendering a joint judgment against the County and the City, and points out that the City could not comply with the statutory provisions, 62 O.S.1951 § 365.5, for paying the judgment without a judicial determination of the exact amount to be paid by the city.

█ This contention may have some merit but we hold that any error committed by the court in this respect is cured when the judgment against the county is vacated.

Plaintiff's second cause of action, which is against Tulsa County only, lists a number of persons who were brought to plaintiff's hospital allegedly by representatives of the County, the names and official positions of such representatives being unknown to plaintiff.

Plaintiff testified that these persons received emergency medical treatment in his hospital and that according to his investigation they were all indigent residents of the County, financially unable to pay for their medical treatment. His investigation was confined mostly to questioning the patient. Plaintiff did not notify the Board of County Commissioners either before the treatment was administered, or immediately thereafter. It was shown on behalf of the County that one John F. Bell was employed as hospital investigator. Mr. Bell testified that he had been so employed for about fourteen years and that in the performance of his duties he made daily calls upon the hospitals to ascertain the names of any patients there who might qualify for county assistance for medical care; that he made an investigation as to the residency and financial conditions of such persons and promptly reported his findings to the Board of County Commissioners; that none of the persons listed by plaintiff in this action as having received medical attention had been reported to him as being in need of assistance from the County.

Plaintiff contends that since his testimony is undisputed that the medical treatment given was emergent, that the persons receiving it were residents of Tulsa County and indigent, he is entitled to recover under authority of Board of County Commission-

ers of Garfield County v. Enid Springs Sanitarium & Hospital, supra. In that case a physician was allowed to recover against the County for emergency medical treatment which had been furnished without prior authorization of the Board of County Commissioners. But it was pointed out in the opinion therein, that although the cases treated were of such nature that the County Commissioners could not be consulted prior to giving the relief, they were consulted immediately afterward. Thus the County Commissioners had an opportunity to investigate and determine whether each patient qualified for assistance. The court went on to say [116 Okl. 249, 244 P. 429]:

"* * * and the fact that the physician submitting the claim had not been authorized by a majority of the board at a regular meeting thereof to render the services will not deprive the board of the right to examine into the facts, and, if found to be a genuine emergency case, to allow the claim * * *."

In Board of Com'rs of Tulsa County v. Colored Hospital Ass'n, 181 Okl. 357, 73 P.2d 833, 834, this court said:

"The duty to oversee the poor is imposed on the county commissioners. This duty, so far as determining who are within the class of indigent poor, is not delegable, but the commissioners may approve acts done by others for such poor. So a person claiming compensation for services rendered to such poor must be authorized in advance to perform such services or take the risk of having the commissioners ratify or approve his acts."

After discussing the Garfield County case, supra, the court went on to say:

"This holding should not be extended so as to place liability upon a county for every act rendered by a physician, a hospital, or other person as an emergency act to an indigent person, no matter how high or humanitarian may be the motive prompting the service. Some agency had to be given the power to determine what poor persons are entitled to county help. This agency is the county commissioners acting as overseers of the poor."

In the present case the County Commissioners had no timely notice that a claim would be made against the County for emergency treatment of any of these persons. Therefore, they had no opportunity to investigate and determine whether or not those persons came within the class of indigent poor entitled to county relief.

 Since the County Commissioners had no opportunity to investigate and determine these questions within a reasonable time after these patients were committed to the hospital, we hold that a denial of these claims by the County Commissioners was not arbitrary and without reason. The Garfield County case, supra, is therefore not in point and does not support plaintiff's position.

For the reasons herein expressed, the judgment against the City of Tulsa is affirmed. The judgment against Tulsa County is reversed, with instructions to render judgment for defendant County.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, ARNOLD, HALLEY and BLACKBIRD, JJ., concur.