CITY OF TULSA, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

HILLCREST MEDICAL CENTER, Inc., a Corporation, Defendant in Error.

No. 36669.

Supreme Court of Oklahoma.

Jan. 17, 1956.

Thomas A. Landrith, Jr., City Atty., John W. Hager, Asst. City Atty., Tulsa, for plaintiff in error.

Rucker, Tabor & Cox, Ralph C. Thomas, Tulsa, for defendant in error.

JACKSON, Justice.

Defendant in error, Hillcrest Medical Center, Inc., brought this action against the City of Tulsa, Oklahoma, to recover for hospital and medical services to prisoners of the City of Tulsa who were brought to its hospital by members of the Tulsa Police Department.

The City of Tulsa brings this appeal to reverse the judgment rendered against it. The parties will be given their trial court designations.

This action was filed on June 10, 1953, for hospital and medical services rendered during the fiscal year 1952–1953.

The testimony shows that the City had in its employ a doctor who attended the prisoners at the jail, but when this doctor considered hospitalization or specialized services necessary he sent them to plaintiff's hospital. Some of these prisoners were ill or injured at the time of their arrest and were taken directly to plaintiff's hospital for medical attention. However, it was stipulated that all prisoners attended by plaintiff were on orders of the Tulsa Chief of Police. It was further stipulated that the first or initial treatment rendered each prisoner was of an emergency nature. The City had on hand at all times sufficient appropriated and unencumbered funds to pay plaintiff's claim.

The evidence shows that plaintiff had attempted to collect directly from each prisoner, and it is undisputed that each prisoner was poor and indigent. The City stipulated that it would not question the necessity of the treatment during the first three days of any prisoner's stay in the hospital. Suit was brought for $3,158.86. Judgment was rendered for $2,980.46.

It is contended on behalf of the City that since all these prisoner patients were poor and indigent they were charges upon the county under the provisions of 56 O.S.1951 § 31 et seq. This court held

to the contrary in City of Tulsa v. Sisler, Okl., 285 P.2d 422.

It is next contended that the City has no duty to provide medical and hospital services to indigent prisoners in the custody of its police department. We held to the contrary in City of Tulsa v. Sisler, supra. However, since our decision on that question is criticized as without legal foundation, we find it desirable to give further consideration to the problem.

No statute or ordinance has been brought to our attention specifically imposing a duty upon the City to provide medical and hospital services to its indigent prisoners. If such a duty does exist it must be by implication. No statute or ordinance has been called to our attention detailing the procedure for payment for such services.

An examination of our constitutional and statutory provisions will demonstrate the protective measures that have been provided for prisoners. Cruel and unusual punishments are forbidden. Art. 2, Sec. 9, Oklahoma Constitution. County and city jails must be kept clean, 63 O.S.1951 §§ 471, 472 and 473. County Commissioners are authorized to appoint a physician to the county jail when they deem it necessary, 57 O.S.1951 § 51. 63 O.S. 1951 § 475, contemplates that physicians will be provided for county and city prisoners. It is stated therein, that if any prisoner in any county or city jail complains of illness, the county or city physician shall be summoned. 68 O.S.1951 § 341(B), authorizes cities and towns, whether under city charter or laws of this State, to contract debts for board, maintenance and medical care of prisoners, pending the expiration of time within which tax protests may be filed.

We think the foregoing statutes make it abundantly clear that cities are authorized to appropriate money for the purpose of providing prisoners with necessary medical attention.

Tit. 20, § 72, Tulsa Revised Ordinances 1945, provides that persons confined by sentence or commitment of the Municipal Court shall be under the care and control of the Chief of Police and makes him responsible for the safekeeping of such prisoners. Statutes and ordinances of this type have been held by some Courts to be for the benefit of the prisoner. See 14 A.L.R.2d at page 354, and the Oklahoma citations at page 355. In Sawyer v. Androscoggin County Com'rs, 116 Me. 408, 102 A. 226, the court held that a statute which expressly imposed upon the sheriff the sole responsibility for the care, custody, and safeguarding of the prisoners, by necessary implication, authorized him, alone, when necessary, to employ a physician to administer to the prisoners. Other courts have held the municipality not liable in the absence of a specific statute. See the annotation in 44 A.L.R. 1285.

A similar problem was before this court in Smartt v. Board of Com'rs of Craig County, 67 Okl. 141, 169 P. 1101, L.R.A. 1918C, 313. Therein the right of the sheriff to recover from the county private funds expended by him in feeding his prisoners after county appropriated funds had been exhausted was upheld. This court there held that money lawfully expended by a sheriff in feeding his prisoners in the discharge of duties imposed upon him by the Constitution and laws of the state constitute a valid charge against the county, and are not within the limitations imposed upon the county by section 26, art. 10, Oklahoma Constitution. Therein it was observed that peace officers are under statutory duty to receive and hold prisoners. This being true, it necessarily follows that prisoners must be fed and provided with medical attention where necessary.

We conclude that the services rendered by the plaintiff were proper charges against the City under the facts in this case. This is not to say, and we do not hold, that the governing board of the city may not exercise control in the matter of furnishing medical treatment for its prisoners if such board adopts plans and makes provision therefor. We do hold that the Chief of Police is under a duty to provide necessary medical treatment for prisoners in his custody, and in the absence of arrangements made by the Mayor and City Commissioners for necessary medical services for such prisoners, the City is

liable for necessary medical services obtained by its Chief of Police in the care of indigent city prisoners.

The judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.