**STATE of Oklahoma, ex rel., DEPARTMENT OF HUMAN SERVICES, Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS OF McCLAIN COUNTY, Appellee.**

No. 71608.

Supreme Court of Oklahoma.

March 3, 1992.

Rehearing Denied May 12, 1992.

Charles Lee Waters, General Counsel, Howard J. Palotta, Asst. Dept. of Human Services, Oklahoma City, for appellant.

J. Tully McCoy, Dist. Atty., Reginald D. Gaston, Asst., Norman, for appellee.

SIMMS, Justice:

Department of Human Services (DHS), appeals from summary judgment entered by the district court in favor of appellee, Board of County Commissioners of McClain County (County). The district court held that no statutory authority supported the claim of DHS for reimbursement for medical services rendered to an injured prisoner in custody of the McClain County Sheriff's Department and that the Oklahoma Constitution prohibits the use of ad valorem taxes to pay DHS for the services. The Court of Appeals affirmed, and certiorari was granted. The opinion of the Court of Appeals is vacated, and the judgment of the district court is reversed. The material facts are undisputed.

McClain County Sheriff's Department had custody of a prisoner in the McClain County Courthouse to attend a preliminary hearing. In an unsuccessful escape attempt, the prisoner jumped from a third story window of the courthouse and sustained serious injuries. A private ambulance took him to the Purcell Municipal Hospital emergency room before being transported to Oklahoma Memorial Hospital where approximately $85,000.00 in medical expenses were incurred. The County paid the bill of both the ambulance service and Purcell Hospital.

On behalf of Oklahoma Memorial Hospital and other medical care providers, DHS filed a petition against McClain County pursuant to 19 O.S.1981, § 4, to compel the County to pay for the medical services rendered. Both parties filed summary judgment motions, and the trial court held for County on both motions. The court, in essence, found the injuries were not caused by the sheriff's department, but rather, were caused by the prisoner's own deliberate actions which occurred while the prisoner was not in the sheriff's custody. The court further found no specific statutory authority for allowing DHS to recover under the facts of the case and that the Oklahoma Constitution prohibits the use of ad valorem taxes to fund DHS's state purpose.

First, the trial court's finding concerning "causation" is not germane, because 57 O.S.1981, § 52, provides, in pertinent part, as follows:

> "It shall be the duty of the sheriff of each county to provide bed clothing, washing, board and medical care when required, and all necessities for the comfort and welfare of prisoners ..." (Emphasis added)

This statute clearly places upon the county sheriff the duty to provide medical care to any prisoners of the county who are in need of it, regardless of how the need arises. It is silent as to the cause of a prisoner's injury or illness, but rather, applies whenever the prisoner is in need of medical care. We will not read an exception into a statute which is not made by the legislative body. Case–Aimola Properties, Inc. v. Thurman, 752 P.2d 1120 (Okl. 1988); Udall v. Udall, 613 P.2d 742 (Okl. 1980).

The trial court also incorrectly determined that the McClain County Sheriff is not responsible for the medical care on the grounds that he did not have "custody" of the prisoner at the time the prisoner was injured. Hillcrest Medical Center v. State of Oklahoma ex rel. Dept. of Corrections, 675 P.2d 432 (Okl.1983), and City of Tulsa v. Hillcrest Medical Center, 292 P.2d 430 (Okl.1956), are dispositive of this issue.

In Hillcrest v. Dept. of Corrections, we applied § 52 and held the Oklahoma De-

partment of Corrections (DOC) was not responsible for services rendered to a former DOC prisoner because he was no longer in the custody of DOC. Rather, the Tulsa County Sheriff's Department was liable for the expenses of medical care provided to the prisoner when he was injured in a car accident while being transported by the Tulsa County sheriff to a DOC facility after having faced charges in Tulsa. The prisoner was treated at Hillcrest Medical Center which sued the DOC and Tulsa County in separate actions for the expenses. One court determined that Tulsa County was liable for the medical charges, while another court found the DOC responsible. Both entities appealed, and the cases were consolidated. Tulsa County argued that the DOC retained custody of the prisoners regardless of their location, but this Court held:

> "Lee [the prisoner] was committed to the county's care to face criminal charges against him, and as such, the *county was responsible for his immediate medical needs.* 57 O.S.1981 § 42(3) states that persons are properly confined in a county jail when the purpose of the confinement is to hear additional charges against him; *therefore, the county sheriff is responsible for their needs. The Tulsa County Sheriff had custody of Lee for approximately two (2) months before the accident and at the time the accident occurred; therefore, at all times relevant to this action, it was the Tulsa County sheriff, not the DOC, who was in the best position to avoid such an occurrence."* (Emphasis added) 675 P.2d, at 436.

County admits that the prisoner in the case at bar was "technically still a prisoner," but that he was not in custody when he *escaped* from the deputies. In support, they quote numerous decisions defining the term "escape."

County's argument ignores the true point at issue. In *Hillcrest,* the question of custody was material because two separate entities were attempting to place the burden of medical charges on the other. At the time of the accident in *Hillcrest,* the DOC had entrusted the prisoner to the county sheriff in order to answer additional charges. The key to our decision was determining which entity was responsible for the prisoner at the time of the accident. It was clearly Tulsa County in that case, and it is clearly McClain County in the case at bar.

Additionally, § 52 makes no distinction between medical care needed for injuries incurred while in custody or injuries incurred before apprehension. In *City of Tulsa v. Hillcrest Medical Center, supra,* this Court concluded that charges brought by the medical center for treatment given prisoners of the city police department were properly chargeable to the City of Tulsa even though "[s]ome of these prisoners were ill or injured at the time of their arrest." 292 P.2d, at 431. Section 52 was not applicable to the city police department, nor was there any specific statute which imposed a duty upon the city to provide medical care. Nevertheless, we determined the emergency services rendered were proper charges against the city where the police officers transported prisoners directly to the hospital after arrest. Likewise, § 52 does not require that an injury to a prisoner occur while in custody in order for the sheriff's duty to arise. All that is required is that the sheriff have a prisoner who needs medical attention.

The prisoner herein was on his way back to his jail cell when he eluded the deputies for what one officer stated was one to two minutes. Although the injuries occurred during those few moments, the prisoner came into the sheriff's custody once again.

Upon apprehending the prisoner, the sheriff was responsible for getting him medical attention as soon as possible because he was then a prisoner of the sheriff. The record indicates that the injured prisoner was taken to the emergency room of Purcell Municipal Hospital for treatment and on to the DHS facility.

Therefore, County's reliance upon lack of "custody" as reason for denying liability for the medical charges does not find support in the statute or in decisions of this Court. To hold otherwise would permit the

county sheriff to withhold necessary medical attention to a prisoner where it is shown that the prisoner's injury or illness came about prior to his arrest or was caused by something other than the sheriff's lack of proper care.

■ Finally, we dismiss the trial court's finding that DHS was attempting to pass its costs for state purposes on to County. The trial court specifically adopted County's argument that Oklahoma Constitution Art. 25, § 1 and Art. 10, § 9 prohibit County from paying DHS because that would be using ad valorem taxes for state purposes. We need not exhaustively address this proposition because any judgment that DHS obtains, whether paid by money acquired through ad valorem taxation or not, is not being used for a State purpose. Rather, it is paying a legitimate debt that County owes to DHS for services we hold to have been within the statutory responsibility of the county. DHS's status as a state agency creates no distinction which would affect the operation of § 52. Regardless of what entity provided medical care for a prisoner, the sheriff's office is responsible for seeing that the prisoner receives it. The county, in turn, should be responsible for remunerating the entity which rendered the necessary medical services.

No exceptions are made in § 52 for services rendered by state hospitals, and the plain language of the statute does not indicate that the Legislature intended for state-run hospitals to be exempted from its effect. The duty upon county sheriffs is plain.

Accordingly, the opinion of the Court of Appeals is VACATED and the judgment of the district court is REVERSED and REMANDED with directions to enter summary judgment in favor of Appellant/Plaintiff.

OPALA, C.J., SIMMS, DOOLIN, HARGRAVE and SUMMERS, JJ., and MICHAEL, SP.J., concur.

KAUGER, J., concurs in part, dissents in part.

HODGES, V.C.J., and ALMA WILSON, J., dissent.

LAVENDER, J., disqualified.