Dear Representative Duncan:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Are inmates sentenced to confinement in county jail under the provisions of the Community Service Sentencing Program ("CSSP"), 22 O.S. 2001, § 991a-4.1[22-991a-4.1], considered county or state inmates?
 2. With regard to a CSSP administered by the Department of Corrections pursuant to 22 O.S. 2001, § 991a-4.1[22-991a-4.1], is the Department of Corrections responsible for reimbursing a county for the costs of "routine" medical care provided to inmates sentenced to confinement in county jail under the CSSP?
 I. THE COMMUNITY SERVICE SENTENCING PROGRAM
Your question requires an analysis of the Community Service Sentencing Program ("CSSP") created at 22 O.S. 2001, § 991a-4.1[22-991a-4.1]. The current CSSP "is a continuation of the program established in 1988 by Section 991a-4 of Title 22," which is now repealed.[1] Id.
§ 991a-4.1(A).
The purpose of the CSSP is "to provide an alternative to incarceration for nonviolent felony offenders who would normally be sentenced to incarceration in a state institution." Id. Specifically, the CSSP may be used by a sentencing judge to sentence an "eligible offender" as defined in 22 O.S. 2001, § 991a-4.1[22-991a-4.1](B) to confinement "in a county jail for a period not to exceed one (1) year, night or weekend incarceration" as an alternative to incarceration by the Department of Corrections. Id. § 991a-4.1(C)(8).
Section 991a-4.1(C)(8), in pertinent part, provides as follows:
 C. The Department of Corrections shall administer the Program, except in counties with a population of five hundred fifty thousand (550,000) or more persons that operate an existing program. The Department shall conduct a presentence investigation pursuant to the provisions of Section 982 of Title 22 of the Oklahoma Statutes if the court determines the offender is to be assigned to the Program. As part of such presentence investigation, the Department shall interview the offender and advise the offender of the requirements and conditions of the Program. The Department shall recommend an assignment of the offender to any one or combination of the following areas:
 . . . .
 8. Confinement in a county jail for a period not to exceed one (1) year, night or weekend incarceration pursuant to the provisions of Section 991a-2 of Title 22 of the Oklahoma Statutes or incarceration by the Department of Corrections; provided, the Department of Corrections shall reimburse a county which does not receive payments from any other source for the cost of the necessary expenses of such persons during periods of such incarceration in an amount not to exceed Twenty Dollars ($20.00) per day and any county receiving such payments in an amount not to exceed Ten Dollars ($10.00) per day. The Department shall reimburse the county for the actual cost paid for any emergency medical care for physical injury or illness of such persons if the county is required by law to provide such care for inmates in the jail. The reimbursements provided by this section shall not exceed the cost that would have accrued to the state for the feeding, care or medical care of the persons had they been incarcerated with the Department.
Id.
Accordingly, the Department of Corrections ("Department") administers the CSSP in counties with populations less than five hundred fifty thousand (550,000) or other counties, which do not operate an existing program. Id. § 991a-4.1(C). In counties where the Department administers the CSSP, the Department reimburses the county for the incarceration of the offender pursuant to Section 991a-4.1(C)(8).
Specifically, the Department is required to reimburse "necessary expenses" for the incarceration of the offender in county jail, subject to the applicable per-day maximum dollar amount. Id. Additionally, the Department is required to reimburse the actual cost paid for any emergency medical care for physical injury or illness of such offender "if the county is required by law to provide such care for inmates in the jail." Id. However, reimbursements are not to "exceed the cost that would have accrued to the state for the feeding, care or medical care of the persons had they been incarcerated with the Department."Id.
 II. AN OFFENDER CONFINED TO COUNTY JAIL PURSUANT TO THE CSSP ISDEEMED TO BE IN THE CUSTODY OF THE COUNTY AND IS NOTCONSIDERED AN INMATE OF THE DEPARTMENT.
Title 22 O.S. 2001, § 991a-4.1[22-991a-4.1](C)(8) provides that the confinement of an eligible offender in the county jail pursuant to the CSSP is to be accomplished in accordance with 22 O.S. 2001, § 991a-2[22-991a-2]. While Section 991a-2 is not technically a part of the CSSP, the statute sets forth certain requirements and guidelines for the imprisonment of nonviolent felony offenders in a county jail. Specifically, 22 O.S. 2001, § 991a-2[22-991a-2] (E) provides:
 Any person incarcerated pursuant to the provisions of this section shall not be considered to be in the custody of the Department of Corrections or an inmate of the Department. The person shall be deemed to be in the custody of the county.
Id. (emphasis added).
"The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). "A cardinal precept of statutory construction is that where a statute's language is plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretive devices to [create] a different meaning." Neer v. State exrel. Okla. Tax Comm'n, 982 P.2d 1071, 1078 (Okla. 1999).
Section 991a-2(E) of Title 22 conclusively demonstrates the Legislature's intent that nonviolent felony offenders confined to a county jail shall not be considered to be in the custody of the Department or inmates of the Department. Additionally, the Legislature has specifically stated that such inmates are "deemed to be in the custody of the county." Id. Accordingly, since county jail confinement under the CSSP is to be accomplished pursuant to the provisions of 22 O.S. 2001, § 991a-2[22-991a-2], inmates sentenced to county jail confinement under the CSSP are deemed to be in the custody of the county and are not to be considered inmates of the Department. Id.
 III. REIMBURSEMENT FOR ROUTINE MEDICAL CARE
As previously stated, the Department's reimbursement of expenses of incarcerating an offender sentenced to county jail confinement under the CSSP is governed by 22 O.S. 2001, § 991a-4.1[22-991a-4.1](C)(8). Section 991a-4.1(C)(8) in relevant part provides as follows:
 [T]he Department of Corrections shall reimburse a county which does not receive payments from any other source for the cost of the necessary expenses of such persons during periods of such incarceration in an amount not to exceed Twenty Dollars ($20.00) per day and any county receiving such payments in an amount not to exceed Ten Dollars ($10.00) per day. The Department shall reimburse the county for the actual cost paid for any emergency medical care[2] for physical injury or illness of such persons if the county is required by law to provide such care for inmates in the jail. The reimbursements provided by this section shall not exceed the cost that would have accrued to the state for the feeding, care or medical care of the persons had they been incarcerated with the Department.
Id. (emphasis added) (footnote added).
Again, the "primary goal of statutory interpretation is to ascertain and follow the Legislature's intention." Duncan v. Okla. Dep't ofCorr., 95 P.3d 1076, 1079 (Okla. 2004). Additionally, legislative "[i]ntent is ascertained from the whole act . . . considering relevant provisions . . . to give full force and effect to each." McClure v.ConocoPhillips Co., 142 P.3d 390, 395 (Okla. 2006). Rules of statutory construction are employed only when the legislative intent cannot be ascertained from the statutory language. Id.
The legislative intent of Section 991a-4.1(C)(8) is evident from the language of the provision itself. The Legislature requires the Department to reimburse the county for "necessary expenses," which considering Section 991a-4.1(C)(8) in its entirety, includes "feeding, care or medical care." Id. Nowhere in Section 991a-4.1 did the Legislature exclude "routine medical care" from the realm of "necessary expenses."
While Section 991a-4.1(C)(8) specifies that the actual cost of emergency medical care expenses shall be reimbursed by the Department, such reimbursement is presented in a separate proviso, distinguishing only "emergency medical care" reimbursement from the reimbursement of other "necessary expenses." Additionally, the language dealing with the reimbursement of emergency medical care expenses does not limit, qualify or exclude other medical care expenses from reimbursement as "necessary expenses." See Duncan, 95 P.3d at 1082. To create a limitation, which is not otherwise expressed in the language of a plain and unambiguous statute, would entail the rewriting of the statute and encroachment upon the power of the Legislature. Id. Therefore, to the extent that expenses for routine medical care are "necessary expenses" of CSSP county jail confinement, such expenses are to be reimbursed by the Department subject to the maximum per-day dollar amounts specified and the other limitations expressed in Section 991a-4.1(C)(8).
We recognized a county sheriff's statutory duty to provide medical care for inmates in his or her custody in Attorney General Opinion 98-35. Specifically, we observed that 57 O.S. 1991, § 52[57-52] stated a county sheriff has a duty to provide prisoners under his or her charge with medical care when required. Id. at 152. In State ex rel.Department of Human Services v. Board of County Commissioners,829 P.2d 961 (Okla. 1992), the Oklahoma Supreme Court interpreted Section 52 of Title 57 as follows:
 This statute [Section 52] clearly places upon the county sheriff the duty to provide medical care to any prisoners of the county who are in need of it, regardless of how the need arises. [Section 52] is silent as to the cause of a prisoner's injury or illness, but rather, applies whenever the prisoner is in need of medical care.
Id. at 962.
Therefore, to the extent that routine medical care is needed by a prisoner confined in a county jail pursuant to the CSSP, said routine medical care would be required to be provided by the sheriff pursuant to 57 O.S. 2001, § 52[57-52]. Consequently, to the extent routine medical care is required to be provided by Oklahoma law, the expense of said routine medical care would be a "necessary expense" of CSSP county jail confinement pursuant to Section 991a-4.1(C)(8) of Title 22, subject to the reimbursement limitations enumerated therein. However, whether particular medical care is actually needed or required constitutes a question of fact, which cannot be addressed in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Inmates sentenced to confinement in county jail under the provisions of the Community Service Sentencing Program, 22 O.S. 2001, § 991a-4.1[22-991a-4.1], are deemed to be in the custody of the county and are not to be considered inmates of the Department of Corrections.
 2. To the extent that expenses for routine medical care of an inmate confined in county jail pursuant to a Community Service Sentencing Program administered by the Department of Corrections are "necessary expenses," the Department of Corrections is responsible for reimbursing the county for such expenses, subject to the limitations and requirements of reimbursement of necessary expenses set forth in 22 O.S. 2001, § 991a-4.1[22-991a-4.1](C)(8). However, whether particular medical care is actually needed or required constitutes a question of fact, which cannot be addressed in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
RICHARD J. DENNY ASSISTANT ATTORNEY GENERAL
[1] See 1998 Okla. Laws ch. 2(1X), § 27; 1999 Okla. Laws ch. 5(1X), § 452.
[2] The Department's reimbursement to the county of actual costs for any emergency medical care is also addressed in 22 O.S. 2001, § 991a-2[22-991a-2](D), which provides:
 The Department of Corrections shall reimburse the county for the actual cost paid for any emergency medical care for physical injury or illness of a person incarcerated hereunder; provided the injury or illness is directly related to the incarceration and the county is required by law to provide such care for inmates in the jail.