2007 OK 101

**HCA HEALTH SERVICES OF OKLAHOMA, INC. dba OU Medical Center fka University Health Partners, Plaintiff/Respondent**

v.

**John WHETSEL, Oklahoma County Sheriff, and Oklahoma County Board of Commissioners, Defendants/Petitioners.**

**No. 104,227.**

Supreme Court of Oklahoma.

Dec. 18, 2007.

Travis White and James B. Robertson, Assistant District Attorneys, Oklahoma City, for defendants/petitioners.

Kieran D. Maye, Jr. and Sarah M. Jernigan, Miller Dollarhide, Oklahoma City, for plaintiff/respondent.[1]

OPALA, J.

¶ 1 The question presented on certiorari is whether the district court erred in entering a summary adjudication that holds the sheriff liable as a matter of law for the cost of

medical care rendered to inmates in the county's custody for treatment of conditions that pre-existed their arrest. We answer in the negative and affirm the decision.

## I.

### ANATOMY OF LITIGATION

¶ 2 This case deals with medical care procured by the Oklahoma County Sheriff and Oklahoma County Board of Commissioners, petitioners (collectively referred to as County), for inmates in the custody of the county. The treatment included conditions which pre-existed the prisoners' arrest. The facility providing the care, HCA Health Services of Oklahoma d/b/a OU Medical Center, respondent, sued to recover the value of medical services rendered between February 2003 and September 2006.

¶ 3 During the period in question the Oklahoma County Sheriff's office brought for HCA's treatment inmates in need of medical care. HCA requested payment in the amount of $2,250,575.58. The County determined much of the expense charged was for the treatment of conditions that pre-existed the prisoners' arrest and refused payment. HCA brought the suit on 7 July 2005.

¶ 4 On 4 August 2006 HCA sought summary adjudication on the issue of liability. It argued that, as a matter of law, the County had a constitutional and statutory duty to provide medical care for its inmates. That care included pre-existing conditions. After receiving the County's response the trial court ruled that the County is liable as a matter of law **for the cost of all medical care provided to inmates regardless of when and how the treated condition arose.**

¶ 5 County moved to certify the ruling for interlocutory appeal under the provisions of 12 O.S.2001 § 952(b)(3). It urged the ruling substantially affected the merits of the controversy. The trial court agreed and certified the nonfinal ruling for interlocutory appeal under the provisions of Supreme Court Rule 1.50.

---

1. Identified herein are only those counsel for the parties whose names appear on the briefs and who have entered an appearance in this cause

(as required by Okla.Sup.Ct.R. 1.5(a), 12 O.S. 2001, Ch. 15, App.1).

## II.

### STANDARD OF REVIEW

¶ 6 The dispositive issue to be reviewed is whether the trial court erred in declaring County liable as a matter of law for payment to HCA for that part of rendered treatment which affected the prisoners' pre-existing conditions. Summary relief issues are reviewable under the *de novo* standard. All facts and inferences must be viewed in a light most favorable to the non-movant. This court's duty is first to scrutinize all evidentiary material in the case for its legal competence and sufficiency and then to determine whether there is a material fact in dispute. The trial court's summary adjudication order is subject to affirmance only if there is no material fact in controversy and the law favors the movant's claim.[2]

### III.

### THE DUTY OF THE COUNTY TO PROVIDE MEDICAL TREATMENT

¶ 7 While under federal law it is the constitutional duty of the responsible government agencies to provide medical care for inmates [3] who are in need of treatment, the cost of that care is left to state law.[4] Here we must **consider two Oklahoma statutes pertaining to this duty**—the provisions of 57 O.S.2001 § 52 and those of 19 O.S.2001 § 746. Section 52 spells out generally the duty of providing medical care and the more generalized duties of the county [5]. We deem the duty of providing medical care to prisoners to be well established by both Oklahoma statutory and federal law as well as by state jurisprudence.[6] The precise question of first impression to be answered here is **whether the treatment for which County liability is borne includes pre-arrest health conditions. We resolve the question by answering it in the affirmative.**

¶ 8 The Oklahoma legislature has provided an adequate framework for the allocation of treatment costs of inmates who are in county custody. The provisions of 19 O.S. 2001 § 746 give the procedural steps for payment of the medical treatment bills. For its application to this case we understand the statute as having the following three provisions: (1) The custodial county stands liable only for that cost of medical care which is for conditions that do not pre-exist an inmate's arrest and arise from acts or omissions of the county; [7] (2) "An inmate receiving medical care for a pre-existing condition or a condition not caused by the acts or omissions of the county shall be liable for payment of the cost of care . . . ." [8]; and, (3) "The court shall order the offender to reimburse the sheriff for all medical care and treatment for pre-existing conditions and injuries. . . ." [9] When

2. *State v. One Thousand Two Hundred Sixty-Seven Dollars*, 2006 OK 15, ¶ 25, 131 P.3d 116, 125. See also *Brown v. Nicholson*, 1997 OK 32, ¶ 5, 935 P.2d 319, 321. ("Because the trial court's disposition was effected by summary judgment, the issues on review stand before us for *de novo* examination")

3. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). Here the Court held that "[t]he Due Process Clause, however, does require the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605.

4. *Revere*, 463 U.S. at 245, 103 S.Ct. 2979.

5. The terms of 57 O.S.2001 § 52 provide in pertinent part, "[i]t shall be the duty of the sheriff of each county to provide bed clothing, washing, board and medical care when required, and all necessities for the comfort and welfare of prisoners."

6. *State ex rel. Department of Human Services v. Board of County Commissioners of McClain County*, 1992 OK 29, 829 P.2d 961 (holding that there is a duty to treat those in custody regardless of how the need for that treatment arose), *see also State ex rel. Department of Human Services v. Board of County Commissioners of Oklahoma County*, 1991 OK CIV APP 86, 831 P.2d 1006 (holding that the county is liable for treatment costs regardless of indigence status of person in custody or attempts by DHS (Department of Human Services) to collect directly from the inmate), *see also City of Tulsa v. Hillcrest Medical Center*, 1956 OK 21, 292 P.2d 430 (holding that the chief of police has a duty to provide necessary medical treatment to inmates).

7. 19 O.S.2001 § 746.

8. *Id.*

9. *Id.*

a statute is unambiguous, we divine legislative intent and statutory meaning from the face of the statute's text.[10] The provisions of 19 O.S.2001 § 746 clearly identify two parties from whom a provider may seek payment for medical treatment—the inmate and the custodial county. The statute also creates a limited exception to a county's liability. **We firmly reject County's notion that for conditions that pre-exist county's custody the statute places sole liability on the inmate.** It is absolutely clear from the legislative text **that responsibility is placed on both the inmate and the county without declaring any precondition for invoking the liability of either.** Nor has the legislature provided procedures that would trigger the liability of either the inmate or the county.

¶ 9 Other jurisdictions have established more precise procedures for the payment of an inmate's medical treatment.[11] Unlike the provisions of 19 O.S.2001 § 746, Colorado's Colo.Rev.Stat. Ann. § 17–26–104.5 (2006) explicitly places on the inmate the **primary** liability for treatment of pre-existing conditions.[12] The Colorado statute also provides a reimbursement mechanism invocable by the counties that treat inmates who are unable to pay for their part of the costs.[13] This liability category is enforceable in the same manner as civil judgments.[14] Without establishing primary liability or a precondition for invocation of secondary liability, the Oklahoma legislature has created two methods of recovery, placing both of them on ostensibly equal footing.

## IV.

### SUMMARY

¶ 10 The district court made no error in ruling for HCA. County has a federal constitutional and state statutory duty to provide medical treatment for inmates in custody. The provisions of 19 O.S.2001 § 746 impose liability in equal terms upon both the inmate and the custodial county alike for a condition pre-existing the arrest. The provisions that govern County's statutory right of reim-

bursement for that treatment of inmates for which the latter bear responsibility afford sufficient support for today's holding that County, **which is to be regarded as primarily liable for the cost of treating the prisoners' pre-existing conditions,** has a reimbursement claim against the treated patient.

¶ 11 Summary adjudication is affirmed and cause stands remanded for further proceedings to be conducted in a manner consistent with this pronouncement.

¶ 12 WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, KAUGER, WATT, TAYLOR and COLBERT, JJ., concur

¶ 13 REIF, J., not participating

---

**10.** *City of Durant v. Cicio,* 2002 OK 52, ¶ 32, 50 P.3d 218, 220, see also *World Publishing Co. v. Miller,* 2001 OK 49, ¶ 7, 32 P.3d 829, 834.

**11.** Colorado developed C.R.S.A. § 17–26–104.5 to address the issue of inmate treatment costs.

**12.** C.R.S.A. § 17–26–104.5(3).

**13.** C.R.S.A. § 17–26–104.5(1, 4).

**14.** C.R.S.A. § 18–1.3–701(1(a)).